PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### 5th DIVISION

Dennis F. Bernal Jr
Plaintiff's Name and ID Number

Jefferson County Correctional Facility
Place of Confinement

CASE NO. 1:25CV187
(Clerk will assign the number)

v.

Sheriff Zena Stephens
5030 Hwy 69 S., Beaumont, TX 77705
Defendant's Name and Address

Deputy Chief Chauberger
5030 Hwy 69 S., Beaumont, TX 77705
Defendant's Name and Address

Major M. Guillory
5030 Hwy 69 S., Beaumont, TX 77705
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

       1. Approximate date of filing lawsuit:_____

       2. Parties to previous lawsuit:

          Plaintiff(s)_____

          Defendant(s)_____

       3. Court: (If federal, name the district; if state, name the county.)_____

       4. Cause number:_____

       5. Name of judge to whom case was assigned:_____

       6. Disposition: (Was the case dismissed, appealed, still pending?)_____

       7. Approximate date of disposition:_____

II.    PLACE OF PRESENT CONFINEMENT: _Jefferson County Correctional Facility_

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: _Dennis F. Bernal Jr._
_JCCF, 5030 HWY 69 S., Beaumont TX 77705_
_(HOME) 5655 Lexington Circle, Lumberton, TX 77657_

B.  Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _SHERIFF ZENA STEPHENS, SHERIFF, JCSO,_
_5030 HWY 69 S., BEAUMONT, TX 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Interference and limitations imposed on Islamic Religion_

Defendant #2: _CHAUBERGER, DEPUTY CHIEF, JCSO,_
_5030 HWY 69 S., BEAUMONT, TX 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Interference and limitations imposed on Islamic Religion_

Defendant #3: _MAJOR M. GUILLORY, MAJOR, JCCF,_
_5030 HWY 69 S. BEAUMONT, TX 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Interference and limitations imposed on Islamic Religion_

Defendant #4: _M. GARDNER, DETECTIVE, JCCF,_
_5030 HWY 69 S., BEAUMONT, TX 77705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Interference and limitations imposed on Islamic Religion_

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_____

3

V.      STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Since June of 2024 until present date, the Christian Faith has been esteemed and promoted over the Muslim Religion of Islam here at the Jefferson County Correctional Facility. No Jumah (Obligatory Friday Congregational Services for Muslims) have been held or called or offered during my incarceration here at JCCF. Also, Muslims were not allowed to observe the month of Ramadan according to the Islamic laws of worship and practicing of our Faith.

VI.     RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments. Cite no cases or statutes.

An injunction (prospective relief) and compensatory and punitive damages.

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Dennis F. Bernal Jr, Dennis Francis Bernal Jr, Dennis Bernal, Dennis Bernal Jr.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ: 2212279 / 2375290 / HARDIN CO.: 68165 / JCCF: 333959

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division):_____

2.  Case number:_____

3.  Approximate date sanctions were imposed:_____

4.  Have the sanctions been lifted or otherwise satisfied?                          ____YES ____NO

C. Has any court ever warned or notified you that sanctions could be imposed?    _____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: 04|10|2025
         DATE

Dennis F. Bernal Jr.
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____10_____ day of ___April___, 20 25 .
       (Day)             (month)       (year)

Dennis F. Bernal Jr.
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
THE 5th DIVISION

DENNIS F. BERNAL JR.,
JEFFERSON COUNTY CORRECTIONAL FACILITY,

V.

SHERIFF ZENA STEPHENS
JCCF, 5030 HWY 69. S.
BEAUMONT, TX 77705

DEPUTY CHIEF CHAUBERGER
JCCF, 5030 HWY 69 S,
BEAUMONT, TX 77705

MAJOR M. GUILLORY
JCCF, 5030 HWY 69S.
BEAUMONT, TX 77705

DETECTIVE M. GARDNER
JCCF 5030 HWY 69S.
BEAUMONT, TX 77705

## I. JURISDICTION & VENUE

1.) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.) The Eastern District of the Fifth (5th) Division is an appropriate venue under 28

(1)

U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occured.

## II. PLAINTIFF(S)

3.) Plaintiff, DENNIS F. BERNAL JR., is and was at all times mentioned herein a prisoner of the State of TEXAS in the custody of the TEXAS Department of Corrections. He is currently confined in Jefferson County Correctional Facility in Beaumont, TEXAS.

## III. DEFENDANT(S)

4.) Defendant, ZENA STEPHENS, is the Sheriff of Jefferson County Texas. She is legally responsible for the overall operation of the Department and each institution under it's jurisdiction, including Jefferson County Correctional Facility.

5.) Defendant, CHAU BERGER, is the Deputy Chief of Jefferson County Texas. He is legally responsible for the overall operation of the unit and the welfare of all the inmates in the Jefferson County Correctional Facility.

6.) Defendant, M. GUILLORY, is the Major of the Jefferson County Correctional Facility. She is legally responsible for the overall operation of the Jefferson County Correctional Facility and for the welfare of all the inmates in that prison.

7.) Defendant, M. Gardner, is a Detective of the Jefferson County Correctional Facility and a Peace Officer of the Jefferson County Sheriff's Office. He is the detective over the Internal Affairs Unit and is legally responsible for investigating complaints against employees, with a focus on protecting the public, the department and the employee, establishing and enforcing and enforcing standards of behavior for employees and not tolerating cruel treatment of others, whether by employees or inmates. Also held position of Grievance Officer at Jefferson County Correctional Facility.

8.) Each defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

(3)

## IV. FACTS

9.) From Plaintiff's time of incarceration to present, Plaintiff did witness the esteeming and influence of the Christian religion over the Islamic religion.

10.) Plaintiff did witness burdens, limitations and interference placed on the practice and observance of the Islamic Faith according to Islamic Law and Islamic worship of that which are obligatory upon Muslims.

11.) Since plaintiff's time of incarceration at the Jefferson County Correctional Facility, from June 2024 to current, plaintiff did witness NO Jumah Services (Muslim, Friday Congregation Services) be offered, called or observed.

12) Plaintiff did witness the restriction of the practicing of one's faith and religious beliefs, by the Jefferson County Correctional Facility, by denying inmates religious texts, such as Bibles and Qurans.

## V. EXHAUSTION OF LEGAL REMEDIES

13.) Plaintiff, DENNIS F. BERNAL JR., used the

(4)

prisoner grievance procedure available at
Jefferson County Correctional Facility to try
to solve the problems. Inmate grievances
are done on facility's kiosks and tablets,
therefore, inmates are not provided with
copies of complaints.

## VI. LEGAL CLAIMS

14) Plaintiff(s) reallege and incorporate by
reference paragraphs 9-12.

15.) First Amendment Free Exercise Clause, under
the Free Exercise Clause, prisons must provide
you with a reasonable opportunity to worship
according to what you think is required by
your religion. The right to worship applies
even if only a minority of incarcerated
people practice the religion. Courts have said
that prison officials may attend the religious
group services of incarcerated people, provided
their presence is reasonable and consistent
with prison security measures and does
not unreasonably restrict the way in which
the services are conducted. Prison officials
may also regulate the time, place, and
sometimes the manner in which religious
services are conducted, as long as the

restrictions are rationally related to
legitimate prison goals.
Hamin v. Montgomery County Sheriffs
" an incarcerated person sued law
enforcement officials alleging violations of
his First Amendment right to freely exercise
his religion. Friday Muslim prayer services
were not regularly conducted during the
period of the person's incarceration, despite
being authorized by prison regulations.

16) RLUIPA (Religious Land Use and Institutionalized
Persons Act)
A federal law known as RLUIPA prohibits
prisons from imposing a "substantial burden"
on your access to religious services and/or
worship areas, except under certain circumstances.
The prison can substantially limit access to
religious services and/or worship areas if
(1) the limitation furthers a "compelling"
interest of the prison, and (2) the prison
limits your access to religious services and/or
worship areas in the least restrictive way
possible.
Under RLUIPA, a prison may censor the
religious mail you recieve or send, provided
that, if the censorship substantially burdens
(6)

Your religious exercise, it (1) furthers a compelling government interest (2) by the least restrictive means available. The Supreme Court has noted that "law makers RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions" and "anticipated" that courts would apply the Acts standard with due deference to the experience and expertise of prison and jail administrators."

In general, prison officials may censor incoming religious mail in any manner reasonably related to the legitimate needs of prison administration. To determine whether the censorship is appropriate, courts apply the Turner test.

Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008)

"RLUIPA ... mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard (used to review regulations under the 1st Amendment.)"

Smith v. Allen, 502 F.3d 1255, 1265-1266 (11th Cir. 2007).

"noting that RLUIPA affords more protection from government - imposed burdens' that

(7)

the First Amendment does, abrogated on
other grounds by Sossaman v. Texas, 563
U.S. 277, 293, 131 S. Ct. 1651
Desimone v. Bartow, No. 08-C-638, 2008 U.S.
Dist. LEXIS 64419, at *11 (E.D. Wis. Aug. 12,
2008)(unpublished)
"noting that RLUIPA provides more expansive
protections than the First Amendment does for
those in the custody of the state, as it prohibits
'institutions that recieve federal funding' from
substantially burdening an inmate's exercise
of religion, even by a rule of general
applicability, unless that burden is the
least restrictive means of furthering a
compelling governmental interest."


17.) Fourteenth Amendment Protection of Religion
provides, to the Constitution, guarantees all
individuals, including prisoners, with "equal
protection under the law." Meaning, prisons
cannot make special rules or give special
benefits to members of only one religion or
group of religions without reason.
Benjamin v. Coughlin, 905 F.2d 571 (2d Circ.
1990)
Cruz v. Beto, 405 U.S. 319 (1972).
Johnson v. California, 543 U.S. 499 (2005)

18.) Texas Constitution : Article 1. Bill of Rights
Sec. 3. Equal Rights.
All freemen, when they form a social compact,
have equal rights, and no man, or set of men, is
entitled to exclusive separate public
emoluments, or privileges, but in consideration
of public services. (Feb. 15, 1876).
Sec. 3a. Equality Under the Law
Equality under the law shall not be denied or
abridged because of sex, race, color, creed, or
national origin. This amendment is self-
operative. (Nov. 7, 1972).
Sec. 6. Freedom of Worship
All men have a natural and indefeasible right
to worship Almighty God according to the
dictates of their own consciences. No man
shall be compelled to attend, erect or support
any place of worship, or to maintain any
ministry against his consent. No human
authority ought, in any case whatever, to
control or interfere with the rights of
conscience in matters of religion, and no
preference shall ever be given by law to
any religious society or mode of worship.
But it shall be the duty of the Legislature
to pass such laws as may be necessary to
protect equally every religious denomination
(9)

in the peaceable enjoyment of it's own mode of public worship. (Feb. 15, 1876).
Sec. 6-a. Religious Service Protections
This State or a political subdivision of this State may not enact, adopt, or issue a statute, order, proclamation, decision or rule that prohibits or limits religious services, including religious services conducted in churches, congregations, or places of worship, in this state by a religious organization to established to support and serve the propagation of a sincerely held religious belief.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff:

19.) A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution, Texas Constitution, and laws of the United States.

20.) A preliminary and permanent injunction ordering defendants ZENA STEPHENS, CHIEF CHAUBERGER, M. GUILLORY, and M. GARDNER to restructure the rules, policies, and

(10)

procedures being implemented at the
Jefferson County Correctional Facility as
related to the ongoing violations of the
Constitution and United States laws.

21.) Compensatory damages in any amount the
judge will grant against each defendant
jointly and severally.

22.) Punitive damages in any amount the judge
will grant against each defendant.

23.) A jury trial on all issues triable by jury.

24.) Plaintiffs' costs in this suit.

25.) Any additional relief this court deems,
just, proper and equitable.

Dated: April 10, 2025
Respectfully submitted,
DENNIS F. BERNAL, JR.,
JCCF, 5030 HWY 69 S., BEAUMONT, TX 77705
[ (HOME) ~~5655~~ 5655 LEXINGTON CIRCLE, LUMBERTON,
TEXAS 77657 ]

VERIFICATION

I have read the foregoing complaint and hereby certify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Beaumont, Texas on April ~~10S~~ 10, 2025

Dennis F. Bernal Jr.

(12)

Mailed
04-16-2025

Please send me a
"FILE STAMPED COPY" as soon as
professionally possible, for the
following reasons:
1.) to confirm documents were recieved
2.) facility does not allow copies of
   legal material (inmates not
   allowed to make copies)
3.) May soon be transferred to different
   facility.

⇂ ADDRESSES ⇃

○ JCCF
  Dennis Bernal Jr.
  # 333959
  5036 Hwy 69 S,
  Beaumont, TX 77705

○ Dennis Bernal Jr.
  5055 Lexington Circle
  Lumberton, TX 77657

2            Mailed
             04-16-2025

Please send me a
"FILE STAMPED COPY" as soon as
professionally possible, for the
following reasons:
1.) to confirm documents were recieved
2.) facility does not allow inmates to
    make copies of legal materials.
3.) May soon be transferred to
    different facility.
        ↓ADDRESSES↓

° JCCF
Dennis Bernal Jr.
 #333959
5036 Hwy. 69 S.
Beaumont, TX 77705

° Dennis Bernal Jr.
5655 Lexington Circle
Lumberton, TX 77657

TDCJ
DENNIS BERNAL JR.
#3334959
5036 Hwy. 6 AS.
BEAUMONT, TX 77705

CLERK, U.S. DISTRICT COURT
RECEIVED
APR 21 2025
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

HOUSTON TX RPDC  773
18 APR 2025 AM 3 L

United States Courthouse
300 Willow St., Suite#104
Beaumont, TX 77701

USA FOREVER

77701-221729

JCCF
DENNIS BERNAL JR.
6036 Hwy. 69S.
BEAUMONT, TX 77705

HOUSTON TX RPDC 773
18 APR 2025 AM 5 L

USA FOREVER

CLERK, U.S. DISTRICT COURT
RECEIVED

APR 2 1 2025

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

77701-233333

United States Courthouse
300 Willow St., Suite #104
Beaumont, TX 77701